**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6320**

---

MICHAEL A. BREYAN,

Plaintiff - Appellant,

v.

CAPTAIN THOMAS COMMANDER; A/W KENNETH SHARP; WARDEN CECILIA REYNOLDS,

Defendants - Appellees.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Bruce H. Hendricks, District Judge.  (2:16-cv-03926-BHH)

---

Submitted:  June 25, 2024                    Decided:  June 28, 2024

---

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Michael Breyan, Appellant Pro Se.  David Cornwell Holler, SMITH ROBINSON HOLLER DUBOSE & MORGAN, LLC, Sumter, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Breyan seeks to appeal the district court's order adopting the magistrate judge's recommendation, granting Defendants' motion for summary judgment, and dismissing his 42 U.S.C. § 1983 complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on August 14, 2018, and the appeal period expired on September 13, 2018. Breyan filed the notice of appeal on March 27, 2024.[*] Because Breyan failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Breyan could have delivered the notice to facility officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).